United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Randy Zapata, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-20887-Civ-Scola |
| | ) |
| Discover, Defendant. | ) |

### Order Denying Motion to Disclose

    This matter is before the Court on the Plaintiff's motion to disclose. (Mot., ECF No. 15.) Having reviewed the motion, the record, and the relevant legal authorities, the Court **denies** the motion. (**ECF No. 15**.)

    The Court previously dismissed this matter due to the Plaintiff's failure to timely serve the Defendant, as well as the Plaintiff's failure to comply with the Clerk's directive to submit a proper summons so that the United States Marshal could affect service of process, consistent with the Court's order granting leave to proceed in forma pauperis. (Order of Dismissal, ECF No. 14.) Now, the Plaintiff seeks to "disclose" to the Court (not for the first time) that service of process was completed "immediately after submitting the case" via United States Mail. (Mot. at 1.) The Plaintiff previously raised the same arguments based on the same deficient service of process form, and the Court previously informed the Plaintiff that this did not suffice to establish service of process. (Order Directing Pro Se Litigant to Comply with the Clerk of the Court's Directive, ECF No. 12.)

    Nonetheless, in an abundance of caution, and because the Plaintiff is pro se, the Court will briefly address the Plaintiff's argument. The Federal Rules of Civil Procedure do not permit service of process on a corporation by mail, because Florida law does not allow for it. Fed. R. Civ. P. 4(h)(1), 4(e)(1); *Dyer v. Wal-Mart Stores, Inc.*, 318 F. App'x 843, 844 (11th Cir. 2009) ("Florida courts have held that service by certified mail, without an accompanying waiver, is not sufficient under [Florida] Rule [of Civil Procedure] 1.070."). Therefore, the Plaintiff was required to complete personal service of process on the Defendant—or, in this case, simply provide a proper summons to the Clerk so that the United States Marshal could have affected proper service of process. *Dyer*, 318 F. App'x at 844. The process form submitted by the Plaintiff, however, only provides a United States Postal Service return receipt number. (ECF No. 1-3.) The process form provides no indication of any attempts at personal service. (*Id.*) It is therefore insufficient to demonstrate service of process under the Federal Rules of Civil Procedure, and the Court must deny the Plaintiff's motion. *Dyer*, 318 F. App'x at 844.

    Finally, the Court reminds the Plaintiff that this matter has been dismissed, *without prejudice*. (ECF No. 14.) Accordingly, the Plaintiff may refile his

case, should he desire to do so, and he may then attempt to properly complete service of process. [1] The Court **directs** the Plaintiff to stop filing motions in this matter, because this matter is **closed**.

The Court directs the Clerk to **mail a copy of this order** to the Plaintiff at the address listed below.

**Done and ordered** in Miami, Florida, on June 12, 2023.

Robert N. Scola, Jr.
United States District Judge

*Copy via U.S. mail to*:

Dr. Randy Zapata
6905 NW 173rd Drive
Ste. 0205
Miami, FL 33015

---

[1] If Zapata refiles his complaint in the District Court of the Southern District of Florida and it is randomly assigned to a different judge, Zapata must file a notice advising that newly assigned judge of this previously filed case. Zapata must also notify that judge that the undersigned will immediately accept transfer of the refiled case upon a request to do so.